UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES SANDERS,

                                Plaintiff,

          - v -                                                Civ. No. 9:11-CV-0326
                                                                         (LEK/RFT)

A. GIFFORD, *Correctional Officer, Auburn Correctional
Facility*; BRIAN FISCHER, *Commissioner*,

                                Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

JAMES SANDERS
09-A-3118
Plaintiff, *Pro Se*
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13021

RANDOLPH F. TREECE, United States Magistrate Judge

**REPORT RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a civil rights Complaint, pursuant to 42 U.S.C. § 1983, from *pro se* Plaintiff James Sanders, who is currently incarcerated at Auburn Correctional Facility. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* and an Inmate Authorization Form. Dkt. Nos. 2-3. By his Complaint, Plaintiff asserts that excessive force was used against him during a pat frisk. For a complete statement of Plaintiff's claims, reference is made to the Complaint.

**II. DISCUSSION**

**A. *In Forma Pauperis* Application**

      Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in*

*forma pauperis*.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

In the current action, Plaintiff states that on February 15, 2011, Defendant Gifford grabbed his scrotum and squeezed hard causing him "severe pain and suffering." Compl. at ¶ 6. Plaintiff further alleges that another "unidentified correctional officer" took his ID card and swiped it in between Plaintiff's buttocks. As for Defendant Fischer, Plaintiff asserts he failed to properly supervise and train Defendant Gifford.

In liberally construing Plaintiff's claims, it appears to this Court that he is attempting to raise an Eighth Amendment violation. The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (1962) (cited in *Tramell v. Keane, et al.*, 338 F.3d 155, 161 (2d Cir. 2003)). To state an Eighth Amendment claim, an inmate must prove two components: (1) objectively, the alleged punishment or act is sufficiently serious such that it violates contemporary standards of decency; and (2) subjectively, the prison official must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The Second Circuit has held that the "sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). Nevertheless, the isolated incident described by Plaintiff in his Complaint does not rise to the level of harm encompassed in Eighth Amendment jurisprudence. Indeed, the singular incident of groping Plaintiff's testicles, while clearly improper, is not one that would violate contemporary standards of decency and cause physical and psychological harm. *See Boddie v. Schnieder*, 105 F.3d at 861 (holding that a "small number of incidents in which [the inmate] allegedly was verbally harassed, touched, and pressed

against without his consent" were not, in isolation nor taken together, objectively serious enough to invoke the protections afforded under the Eighth Amendment); *Moncrieffe v. Witbeck*, 2000 WL 949457, at *5 (N.D.N.Y. June 29, 2000) (dismissing inmate's sexual harassment claim based on two incidents of improper touching during pat frisks as failing to state a cognizable Eighth Amendment claim).[1]

Accordingly, we find that, as a matter of law, Plaintiff has failed to allege that Defendant Gifford violated his Eighth Amendment rights based on this sole incident.

Lastly, we note that Plaintiff has named Commissioner Fischer as a Defendant herein, but has failed to allege any personal involvement in any wrongdoing. An individual cannot be held liable for damages under § 1983 merely because he holds a position of authority, but he can be held liable if he was personally involved in the alleged deprivation.

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

---

[1] The Court notes that in a multitude of cases, allegations of sexual abuse during pat frisks were found not to have implicated the Eighth Amendment:

> *Davis v. Castleberry*, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (allegation that correctional officer grabbed inmate's penis during pat frisk insufficient to state constitutional claim); *Montero v. Crusie*, 153 F. Supp. 2d 368 (S.D.N.Y. 2001) (allegation that, on several occasions, correctional officer squeezed inmate's genitalia while pat frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmates genitals during pat frisk failed to state constitutional claim).

*Murray v. Bushey*, 2009 WL 498144, at *6 (N.D.N.Y. Feb. 26, 2009).

Plaintiff has not alleged any facts to support the inclusion of Defendant Fischer. Instead, it appears that the sole basis for including Defendant Fisher is due to his position of authority. Pointedly, "mere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Wright v. Smith*, 21 F.3d at 501 (defendant may not be held liable simply because he holds a high position of authority). Because he has failed to assert a cognizable cause of action against Defendant Gifford, there would be no basis to hold Defendant Fischer liable for a failure to supervise or train.

Therefore, based on the above, we find that Plaintiff has failed to state a claim upon which relief could be granted and dismissal would be appropriate. However, in light of Plaintiff's *pro se* status, this Court recommends he be provided an opportunity to amend his Complaint to cure the deficiencies described herein.

Should the District Judge adopt this recommendation, we provide the following guidance for Plaintiff in drafting an amended complaint. Plaintiff should note that any amended complaint, **which shall supersede and replace in its entirety the previous Complaint**, must contain a caption that identifies, by name, each individual and/or entity that Plaintiff is suing in the present lawsuit, and must bear the case number assigned to this action. **Plaintiff should note that any defendant not named in the amended pleading shall not be a defendant in this action.** No portion of any prior Complaint shall be incorporated into his amended complaint by reference. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. If Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he shall include a

-5-

corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted.**[2]

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED**, that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to dismissing Plaintiff's Complaint, Plaintiff be provided an opportunity to cure the deficiencies of his pleading by filing an amended complaint that complies with the above instructions. In any amended complaint that Plaintiff files, he must allege claims of misconduct or wrongdoing against Defendants that he has

---

[2] Although his *In Forma Pauperis* Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date:   April 5, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge