UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES SANDERS,

                            Plaintiff,

   -against-                                               9:11-CV-0326 (LEK/RFT)

A. GIFFORD, Correctional Officer,
Auburn Correctional Facility; BRIAN
FISCHER, Commissioner,

                            Defendants.

_____

**DECISION AND ORDER**

      This matter comes before the Court following a Report-Recommendation filed on April 5, 2011, by the Honorable Randolph R. Treece, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 4).  After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff James Sanders ("Plaintiff"), which were filed on April 18, 2011.  Objections (Dkt. No. 5).

      The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at

\*2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has thus considered the Objections, has undertaken a *de novo* review of the record, and has determined that the Report-Recommendation should be approved for the reasons stated therein. However, the Court also notes that "those inmates who are sexually assaulted by guards . . . have suffered grave deprivations of their Eighth Amendment rights." Woodford v. Ngo, 548 U.S. 81, 118 (2006); see also Liner v. Goord, 196 F.3d 132, 135 (2d Cir. 1999) (finding *sua sponte* dismissal of inmate's Eighth Amendment complaint inappropriate because "the alleged sexual assaults qualify as physical injuries as a matter of common sense"). Plaintiff alleges specifically in his Objections that Defendant Gifford "squeezed [his] testicles hard causing [him] to urinate blood for several days," and that he has "visited the infirmary and received pain medication and physchological [*sic*] counseling due to Gifford's action." Dkt. No. 5 at 1-2. In assessing whether this alleged injury is sufficient to state an Eighth Amendment claim, the Court considers that "[t]he developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant but must be more than de minimis." Warren v. Westchester County Jail, 106 F. Supp. 2d 559, 570 (S.D.N.Y. 2000); see also Montero v. Crusie, 153 F. Supp. 2d 368, 375 (S.D.N.Y. 2001) (finding a failure to state Eighth Amendment claim where plaintiff did not allege any injury as a result of guard's squeezing his genitalia during pat frisking). The physical and psychological injuries that Plaintiff has allegedly experienced as a result of Officer Gifford's alleged conduct plausibly amount to more than *de minimis* injuries and may be "objectively, sufficiently serious" to state a cognizable Eighth Amendment claim. Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997); see also Rodriguez v.

McClenning, 399 F. Supp. 2d 228, 237-38 (S.D.N.Y. 2005) (finding that evolving "contemporary standards of decency" rendered sexual assault of plaintiff during pat frisk a violation of plaintiff's Eighth Amendment rights); Pagan v. Brown, No. 9:08-CV-0724, 2009 WL 2581572, at *10 (N.D.N.Y. Aug. 19, 2009) (finding that "plaintiff's allegations of sexual touching, if true, could constitute an Eighth Amendment claim upon which relief may be granted") (Kahn, J.). As the Report-Recommendation recommends affording Plaintiff the opportunity to amend his complaint, the Court accordingly adopts it in full.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that Plaintiff is given leave to amend his complaint in accordance with the above; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED:   May 11, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge