UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES SANDERS,

                Plaintiff,

    -against-                                    9:11-CV-0326 (LEK/RFT)

A. GIFFORD,

                Defendant.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3 filed on March 10, 2014, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, granting *pro se* Plaintiff James Sanders's ("Plaintiff") Motion to strike and denying Defendant A. Gifford's ("Defendant") Cross-Motion to Dismiss. Dkt. Nos. 48 ("Motion to Strike"); 59 ("Cross-Motion"); 82 ("Report-Recommendation"). Defendant has filed Objections. Dkt. No. 86 ("Objections"). For the following reasons, the Report-Recommendation is accepted and adopted in its entirety.

**II.    RELEVANT BACKGROUND**

At all times during the relevant period, Plaintiff was incarcerated at Auburn Correctional Facility ("Auburn C.F."). See generally Dkt. No. 43. On February 15, 2011, Plaintiff wrote a grievance alleging that Defendant sexually harassed him during a patdown. Dkt. No. 71 ("Def.'s SMF") ¶ 9; Dkt. No. 76 ("Pl.'s SMF") ¶ 9. Plaintiff alleges that he filed the grievance on the same day; Defendant states that the grievance was filed on February 21, 2011, the date that it was processed and stamped. Pl.'s SMF ¶ 9; Mot. Strike at 4. Pursuant to state regulations, Plaintiff's

grievance was categorized as one for harassment and forwarded directly to the Auburn C.F. superintendent ("Superintendent"), rather than to the Inmate Grievance Review Committee ("IGRC"). Def.'s SMF ¶ 14; Mot. Strike at 11; N.Y. COMP. CODES R. & REGS. tit. 7, §§ 701.5, 701.8.[1] On March 1, 2011, apparently under the mistaken belief that his grievance was being processed by the IGRC, Plaintiff wrote a letter to the Superintendent requesting to know the status of his claim with the IGRC, and signaling his desire to appeal if a timely decision was not made. Id. ¶ 11. On March 20, 2011, Plaintiff, having received neither a decision nor a status update on his claim, wrote a letter to CORC seeking appellate review. Def.'s SMF ¶¶ 16, 20; Pl.'s SMF ¶¶ 16, 20; Mot. Strike at 7-8. On March 21, 2011, Plaintiff filed this action. See Dkt. No. 1.

On April 26, 2012—more than 14 months after Plaintiff filed the grievance—the Superintendent denied Plaintiff's request; Plaintiff, who apparently never received notice of the status of his grievance, wrote several additional letters to the IGRC requesting status updates both before and after the decision was made. Def.'s SMF ¶ 23. Defendant alleges that on July 9, 2012, CORC returned Plaintiff's letter and attached materials because Plaintiff failed to timely appeal the April 26, 2012 decision. Def.'s SMF ¶ 25. On July 10, 2012, an IGRC memorandum informed Plaintiff that the IGRC had not received a timely appeal. Def.'s SMF ¶ 26; Pl.'s SMF ¶ 26. In a

---

[1] Under the normal review process provided by § 701.5, grievances filed with the IGRC within 21 days of the grieved conduct are to be reviewed within 16 calendar days. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b)(1). If the IGRC fails to propose a resolution that satisfies the grievant, a hearing is scheduled. Id. § 701.5(b)(2). Appeals procedures allow the grievant to appeal the IGRC's decision first to the facility superintendent, and then to the Central Office Review Committee ("CORC") for review. Id. § 701.5(c)-(d). The modified procedure for harassment allows for direct review by the superintendent and appeal to the CORC. Id. § 701.8. Under this modified review procedure, the superintendent is to issue a decision within 25 days. Id. § 701.8(f). CORC then has 30 days to process and decide the appeal. Id. § 701.8(i) (incorporating by reference § 701.5(d)(2)(i)).

letter appealing the CORC's return of his appeal on July 13, 2012, Plaintiff attempted to explain that he had appealed the Superintendent's non-decision in March 2011. Def.'s SMF ¶ 27; Mot. Strike at 13. An IGRC member interpreted this letter to be an appeal of the Superintendent's April 26 decision, and denied it as untimely. Def.'s SMF ¶ 28; Mot. Strike at 14.

The Report-Recommendation found that, because Plaintiff's grievance was not acknowledged, his requests for status ignored, and his March 20, 2011 appeal not processed, the grievance process was effectively unavailable to him. Report-Rec. at 14-16. Accordingly, Magistrate Judge Treece recommended that the Court grant Plaintiff's Motion, and deny Defendant's Cross-Motion. Id. at 16.

## III. STANDARD OF REVIEW

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's

3

proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

**IV.     REVIEW OF THE REPORT-RECOMMENDATION**

Defendant argues that the Report-Recommendation's finding that grievance procedures were effectively unavailable erred in two respects: (1) Plaintiff cannot avail himself of exceptions to the exhaustion requirement because he did not take reasonable steps to appeal the grievance; and (2) Plaintiff's untimely July 13, 2012 appeal is insufficient to exhaust administrative remedies.[2]  See generally Report-Rec.  Although a grievant is normally required to exhaust state-provided administrative procedures before filing a federal action, see Jones v. Bock, 549 U.S. 199, 218-19 (2007), exhaustion is not required where: (1) administrative remedies were not actually available to the prisoner; (2) a defendant has forfeited the affirmative defense by waiver or estoppel[3]; or (3) "special circumstances . . . justify the prisoner's failure to comply with administrative procedural requirements."  Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotations omitted).  The standard under the first and third exceptions is whether a "similarly situated individual of ordinary firmness" would have believed the grievance procedure was not available or failed to comply with procedural requirements.  Id. at 688.

Both of Defendant's arguments fail because it is clear from the record that Plaintiff *did* timely appeal the Superintendent's non-response: Plaintiff sent out the March 20, 2011 appeal to

---

[2] It is unclear why Defendant ignored Plaintiff's March 20, 2011 appeal in his Objections. See generally Objs.

[3] Estoppel attaches where a "defendant'[s] own actions inhibit[] the inmate's exhaustion of remedies"; the estoppel exception does not apply when another correctional staff inhibits exhaustion.  Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004).

4

CORC more than 25 days after filing, regardless of whether the filing date was February 15 or February 21. Whether Plaintiff's failure to wait for the resolution of, or nonresponse to, that appeal before commencing this action bars his claims for failure to exhaust is a separate issue; because Defendant did not raise this issue in his Objections, the Court need only determine whether the Report-Recommendation's resolution of this issue was clearly erroneous. Although a plaintiff cannot cure a failure to exhaust by taking actions after she files a complaint, see Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001), it is undecided whether a court can examine post-complaint resolutions of pre-complaint actions for the purposes of determining whether administrative remedies were actually available or a plaintiff was reasonable in not following them, see Hemphill, 380 F.3d at 686 n.6; see also Report-Rec. at 15 n.8 (collecting cases). Given the uncertain state of the law and the complete failure of Auburn C.F. and CORC to apprise Plaintiff of whether his grievance and letters were ever received, let alone considered, it was not clearly erroneous for Magistrate Judge Treece to rule that Plaintiff was justified in believing that the grievance process was unavailable to him.[4]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 82) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff James Sanders's Motion (Dkt. No. 48) to strike Defendant's

---

[4] Indeed, if the Court had dismissed Plaintiff's original Complaint without prejudice rather than granting leave to amend, administrative remedies would have been fully exhausted: the First Amended Complaint was filed more than 30 days after Plaintiff's March 20, 2011 appeal. See Dkt. Nos. 4; 6; 10.

affirmative defense for failure to exhaust administrative remedies is **GRANTED**; and it is further

**ORDERED**, that Defendant A. Gifford's Cross-Motion (Dkt. No. 59) to dismiss is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 74) for summary judgment is **DENIED without prejudice** with leave to renew at the close of discovery; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: March 31, 2014
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge