**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES SANDERS,

         Plaintiff,
  - v -                Civ. No. 9:11-CV-0326
                       (LEK/RFT)

A. GIFFORD, *et al.*,

         Defendants.

**APPEARANCES:**          **OF COUNSEL:**

JAMES SANDERS
Plaintiff, *Pro Se*
68 Main Street, Apt. #1
Haverstraw, NY 10927

HON. ERIC T. SCHNEIDERMAN      CATHY Y. SHEEHAN, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

   In March 2011, *pro se* Plaintiff James Sanders, while incarcerated at Auburn Correctional Facility ("Auburn"), commenced a civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Andrew Gifford, a correctional officer, for alleged use of excessive force during a pat frisk he conducted on or about February 15, 2011. Dkt. No. 1, Compl.; Dkt. No. 10, Am. Compl. On March 11, 2014, Sanders filed his

Third Amended Complaint[1] to add two additional Defendants to the instant action: Harold Graham, Superintendent of Auburn Correctional Facility, and Cheryl Parmiter, Inmate Grievance Supervisor. Dkt. No. 83, Third Am. Compl., at ¶¶ 3(b)-(c). Specifically, Plaintiff alleges that Defendant Graham 1) failed to properly supervise and train Defendant Gifford, 2) failed to "put a stop" to the harassment/sexual harassment, and 3) failed to report a "sexual assault complaint" to the Inspector General pursuant to the Department of Corrections and Community Supervision's ("DOCCS") policy directives. *Id*. at ¶ 6. In addition, Sanders alleges that Cheryl Parmiter violated his due process rights by failing to process his March 20, 2011 appeal to the Central Office Review Committee ("CORC"). *Id*. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Graham and Parmiter filed a Motion to Dismiss all claims asserted against them. Dkt. No. 94. Plaintiff has "chosen not to respond." Dkt. No. 98, Lt.

## I. DISCUSSION

### A. Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the

---

[1] On March 10, 2014, the Court granted Sanders's unopposed Motion to Amend the Amended Complaint. Dkt. No. 82, Rep.-Rec.& Order.

evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" as well as documents incorporated by reference in the complaint. *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (citing FED. R. CIV. P. 10(c)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d at 47).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963);

*see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not

alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

Furthermore, when a plaintiff is proceeding *pro se*, his submissions should be judged on a more lenient standard than that accorded to formal pleadings drafted by lawyers. *Cancel v. Goord,* 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "The court must make some reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of a lack of legal training." *Id.* With this standard in tow, we consider the plausibility of Plaintiff's Third Amended Complaint.

**B. Supervisory Liability**

The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz,* 1997 WL

576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676.

Plaintiff contends that he suffered a constitutional deprivation as a result of Defendant Graham's failure to properly supervise and train Defendant Gifford and for failing to intervene/stop Defendant Gifford from harassing him. Third Am. Compl. at ¶ 6. While mindful of our obligation to liberally construe the *pro se* Plaintiff's pleading, such liberality cannot be extended to this pleading as it is replete with nothing more than conclusions. *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. at 526. Plaintiff merely states that "Defendant Harold D. Graham who is the Superintendent of Auburn . . . and who supervises all correctional officers and staff that are employed at Auburn . . . failed to properly supervise and or train Defendant Gifford or put a stop to the harassment or sexual harassment[.]" Plaintiff further states that Defendant Graham was informed of Defendant Gifford's behavior through "complaints and grievances" but provides no particular facts regarding dates/times of such complaints nor the contents therein. Indeed, it appears that Plaintiff is attempting to hold Defendant Graham liable simply

because of his position of authority. An individual cannot be held liable for damages under § 1983 merely because he holds a position of authority, but he can be held liable if he was personally involved in the alleged deprivation.

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

Without particularized facts delineating Defendant Graham's personal involvement, Plaintiff's supervisory liability claim against him cannot survive Defendants' Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### C. Due Process

Plaintiff contends that Defendant Graham violated his due process rights when, after informing Defendant Graham of Defendant Gifford's "abusive" conduct, he failed to report it contrary to DOCCS's policy directive concerning staff-on-inmate sexual abuse. However, even assuming that Defendant Graham deviated from state

procedures or DOCCS Directives, a violation of such rules and regulations does not, standing alone, give rise to liability under § 1983. *Doe. v. Conn. Dep't of Child and Youth Servs.*, 911 F.2d 868,869 (2d Cir. 1990); *see also Ahlers v. Nowicki*, 2014 WL 1056935, at *4 (N.D.N.Y. Mar. 18, 2014) ("[C]laims involving the improper adherence to proprietary facility policies are incognizable under § 1983; only rights secured by the Constitution and federal law are actionable under § 1983." (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979) and *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir. 1995)). Thus, Defendant Graham's alleged failure to comply with DOCCS's policy directive is not a constitutional violation.

Plaintiff also fails to state a cognizable claim under section 1983 against Defendant Parmiter. Plaintiff contends that Defendant Parmiter "who is the Inmate Grievance Supervisor" at Auburn violated his right to due process by failing to process his March 20, 2011 appeal to CORC. Third Am. Compl. at ¶ 6.

"The First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for the redress of grievances." *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369 (W.D.N.Y. 2005). However, "inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." *Cancel v. Goord*, 2001 WL 303713, at *3. Thus, Defendant Parmiter's alleged refusal to process Plaintiff's

grievance is not actionable pursuant to § 1983.[2] Thus, this Court recommends dismissing all claims against Defendant Parmiter.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants Graham's and Parmiter's Motion to Dismiss (Dkt. No. 94) be **GRANTED** and that they be dismissed from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[2] To the extent Plaintiff is attempting to hold Defendant Parmiter liable for denying or interfering with his ability to access the courts, such claim must also fail as Plaintiff has not alleged any injury stemming therewith. *Lewis v. Casey*, 518 U.S. 343, 353 (1996) (noting that in order to state a denial of the right to access courts, an inmate must show an actual injury, that is, that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the official's actions).

Date: September 18, 2014
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge